## WILLIAM J. RANDOLPH

### v.

## THE COUNTY BOARD OF POPE COUNTY.

1. CERTIORARI.—The only purpose of a common law writ of *certiorari* is to cause to be brought before the tribunal awarding it, the entire record of the inferior tribunal relating to the subject-matter of which complaint is made; the matters involved are to be determined by an inspection of the record alone, the raising of any issue of fact thereon, or the consideration of any evidence *dehors* the record being inadmissible.

2. OFFICERS—REMOVAL BY COUNTY BOARD.—The power of county boards to remove officers for the causes mentioned in the statute is well settled.

ERROR to the Circuit Court of Cook county; the Hon. ROBERT W. McCARTNEY, Judge, presiding. Opinion filed July 10, 1886.

The plaintiff in error, being removed from the office of county treasurer of Pope county, sued out of the circuit court of that county a common law writ of *certiorari* directed to the county board, commanding it to return into court the record and proceedings had by it respecting the removal of the petitioner.

In obedience to such writ the county board made its return, setting forth its record in the matter, from which it appears that on the third day of March, A. D. 1885, being the second day of the regular March session of the board, an order was entered requiring the treasurer to file his report, count the funds and make settlement with the board on the fifth day of the session, and also to be examined under oath as provided by statute, and that he file an additional official bond without delay.

On the fifth day of the session another order was entered, wherein it is recited that the plaintiff in error had failed to comply with the former order of the board, and had failed to comply with the statute making it his duty to report to the board as prescribed in § 10, Ch. 36, R. S., and that he had

neglected his duty imposed by § 15 of the same chapter ; the board therefore, by authority of said § 15, removed him from office for the causes stated and declared his office vacant, and he was ordered to turn over to his successor all books, moneys, papers, and other things belonging to his office, without delay.    On the same day the board appointed one John M. Raum as county treasurer to fill the vacancy thus created, who, as appears by the record, duly qualified.    During the same session and on the 16th day of March, the record recites that one D. G. Thompson, a citizen, on behalf of plaintiff in error (who also appeared in the circuit court as one of his counsel), came before the board and entered a motion to rescind the order removing the plaintiff in error from the office of county treasurer.

- This motion, it seems by the record, was entertained and counsel heard upon it, and taken under advisement by the board until the next day, when a final order was entered in the matter, reciting the two former orders above referred to, and further that the plaintiff in error had been notified personally by members of the board and by a certified copy of the entries of record by the board, delivered to him by the sheriff, and that he still failed to make his report, count the funds, and file an additional bond, or in making any attempt to file such bond, and had failed to comply in any way with the orders of the board, and the former orders were confirmed and the motion to rescind overruled.

· The plaintiff in error thereupon applied for and obtained this writ to remove the record of the county board into the circuit court, which being done, he entered his motion to quash the record, which was overruled, and he sued out this writ of error.

Messrs. MORRIS & SON, for plaintiff in error.

Messrs. ROSE & SLOAN, for defendant in error.

PILLSBURY, P. J.    The only purpose of a common law writ of *certiorari* is to cause to be brought before the tribunal

awarding it, the entire record of the inferior tribunal relating to the subject-matter of which complaint is made, by way of return to the writ by the person or body to whom it is directed.

Upon the record being returned into the superior tribunal in obedience to the commands of the writ, the matters involved are to be determined by an inspection of it alone, it not being admissible to raise any issue of fact thereon, nor to consider any evidence *dehors* the record; and if it should appear from such inspection of the record that the inferior tribunal had no jurisdiction of the subject-matter, or had in its proceedings exceeded its jurisdiction, or had failed to conform its proceedings to the requirements of the law in essential particulars, the record will be set aside and held for naught; but if the contrary appear the record will be sustained and the writ of *certiorari* be quashed.     Hyslop v. Finch, 99 Ill. 171; Donahue v. County of Will, 100 Ill. 94.

As the record, then, in this case, must stand or fall by its own recital of facts and the conclusions of the county board founded thereon as evidenced by it, we have to see if it discloses a case authorizing action by the board and within its jurisdiction, and whether such jurisdiction has been exceeded, or the proceedings defective in any essential requirement of the law.    Since the case of Donahue v. The County of Will, *supra*, and that of The People ex rel. Shipley v. Mays, opinion of the Supreme Court filed June 12, 1886, at Mount Vernon, affirming same case in 17 Bradwell, 361, it is too late to question the validity of the statute that confers upon the county board the power to remove county officers for the causes mentioned in the statute.    Section 10 of Ch. 36 of the Revised Statutes of 1874 (referred to in the order of the board as 1883), makes it the duty of the county treasurer "to report to the county board, at each regular term thereof, the amount of money, county orders, jury certificates and other funds he may have received from every source since his last accounting, stating by whom, on what account and at what time paid into the treasury; and also the amount of all payments from the treasury, stating particularly to whom, on what account

and at what time paid out; also the amount of money, county orders and other funds in his hands." Here is a plain duty enjoined which public policy requires should be strictly performed. It is essential to the proper transaction of the county business by the board that it should be correctly advised of the financial condition of the county. Bills against the county are to be audited and paid, appropriations for expenses, repairs or improvements may be called for and necessary to be made, and if the board is not informed of the amount of the county funds, no intelligent action can be had in these respects.

These, and other considerations, make it very important that the report of the treasurer should be presented to the board at or near the beginning of the session, and renders it very improbable that the legislature intended, as contended for by counsel, to give the treasurer the entire session in which to report.

To so hold would empower him to continue the session of the board indefinitely, or else the board must adjourn without making settlement with him; for as long as the board remained in session he would not be in default, and he could delay until the last moment of the session without being chargeable with neglect of duty in this respect. He should make his report to the board at such an early day in the session that the public business would not be delayed by want of it, even if the statute should be construed as not requiring it at the convening of the board.

By section 12 of the same chapter, he is required to render an account and make settlement at any time when ordered by the board, and by section 14 to submit to an examination under oath by the board touching any matter in regard to the faithful discharge of his duties, and section 16 empowers the board to remove him from office if he shall neglect or fail to render an account, or make settlement at any time when required by law, or by the county board, or refuse to answer any question propounded to him by the county board, or is a defaulter and in arrears with the county, or is guilty of any other misconduct in his office.

From these provisions of the statute it is clear that the county board of Pope county had the right to make the order of March 3d, requiring the plaintiff in error to file his report and make settlement on the seventh day of March, and to be examined under oath as provided in the statute, and for a failure to comply. with such order to remove him if their proceedings for that purpose were otherwise regular. The only defect discoverable in the order of March 7th removing him, is the lack of any recital that the plaintiff in error was notified of. the. order of March: 3d, which may be occasioned on account of his absence in another State, as admitted by counsel in their arg ment.

If he was then absent, he must have returned before the session of the board closed, for it appears from the order of March 17th that he had been notified, both personally by members of the board, and officially by service of a certified copy of the former orders, of the action of the board, and on his behalf a motion was made and entertained by the board to rescind their former orders.

. If notice to him of the action of the board, evidenced by. the order of March 3d, was essential to the exercise of the power to remove him on the seventh, a point not necessary now to adjudge, there can be no doubt of the power and duty of the board to set the last order aside, if he offered to comply with the requirements of the first order. And it is quite evident that the board was willing to hear anything that could be urged in his behalf, and that he had the opportunity of complying or offering to comply with the former order of the board.

. There is nothing in the record before us tending to show that he ever offered to comply with the requirements of the board in any particular, and we can not presume he did so, as it is not to be supposed that if he had, the board would have refused to state the fact in their order overruling the motion to rescind. On the contrary this order shows upon its face that he was still contumacious, neglecting to comply with the order of the board and making no attempt at compliance.

Under such circumstances the board was not called upon

to undo all their work, even if irregular, when it is clear that it would have to be again performed.

After notice to him of the action, a hearing before the board upon a motion made in his behalf, for continued neglect, the board affirmed its former orders, and in so doing we think it did not exceed its jurisdiction, nor fail in any essential requirement of the law in its exercise, and if any irregularities existed in the former proceedings, the subsequent hearing and orders cured them.

Upon the whole we are of the opinion that the circuit court decided correctly and therefore affirm the judgment.

Judgment affirmed.